```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    x    06 MD 1739 (SWK)(MHD)
IN RE GRAND THEFT AUTO VIDEO GAME   x
CONSUMER LITIGATION (No. II)        x
                                    x    OPINION AND ORDER
------------------------------------X
This Document Relates to:           x
              All Actions           x
------------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

This class action litigation comes before the Court on a motion to dismiss filed by the defendants, Take Two Interactive Software, Inc. and Rockstar Games, Inc. (collectively, "Defendants"). Defendants contend that the plaintiff class lacks standing to bring claims under the consumer protection laws of states other than those where the named class representatives (the "Named Plaintiffs") purchased Defendants' video game, Grand Theft Auto: San Andreas ("GTA"). As a result, Defendants seek dismissal of all claims brought under the laws of states other than Minnesota, Pennsylvania, New York, California, and Illinois. For the reasons that follow, the Court denies Defendants' motion to dismiss.

I.   **BACKGROUND**

The instant litigation is brought on behalf of a prospective class consisting of all individuals who purchased GTA between the date of its release and July 20, 2005 (the "Class"). The Consolidated and Amended Complaint (the

"Complaint") sets forth the factual and legal bases of the Class's claims for relief. Specifically, the Complaint avers that Defendants wrongfully sold and marketed GTA under an inappropriate content rating that did not account for the presence of hidden, sexually explicit scenes in the game's code. According to the Complaint, this alleged wrongful conduct violates the consumer protection laws of all fifty states and the District of Columbia.

In the motion before the Court, Defendants challenge the Class's standing to bring claims under the laws of states other than those in which the Named Plaintiffs reside and purchased GTA.[1] Thus, Defendants argue that the Class's standing is limited to claims brought under the laws of Minnesota, Pennsylvania, New York, California, and Illinois, and conclude that the Court must dismiss claims based on the laws of any other states.

## II. DISCUSSION

The standing inquiry focuses on whether a particular plaintiff is the proper party to bring the claims asserted. Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, 454 U.S. 464, 484 (1982). In order for a

---

[1] The Complaint is silent as to where four of the five Named Plaintiffs purchased GTA (Compl. ¶¶ 3-7.) Defendants assumed in their Motion to Dismiss that these four Named Plaintiffs purchased GTA in their states of residence. Since the plaintiffs have failed to contradict that assumption, the Court will assume for the purposes of this motion that the Named Plaintiffs purchased GTA in their respective states of residence.

plaintiff to show that he has standing, he must demonstrate: (1) an injury in fact that is (2) fairly traceable to the defendant's allegedly wrongful conduct and (3) is likely to be redressed by a favorable decision. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc, 528 U.S. 167, 180-81 (2000). In addition to these three constitutional minima, a plaintiff's standing is evaluated with reference to several prudential considerations, including "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Allen v. Wright, 468 U.S. 737, 751 (1984).

Federal courts ordinarily treat standing as a threshold inquiry because in its absence there is no case or controversy within the federal courts' jurisdiction. See Warth v. Seldin, 422 U.S. 490, 498 (1975); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998). Nonetheless, the Supreme Court has carved out an exception to the ordinary treatment of standing in at least some class action suits. Specifically, in the context of widespread asbestos-related litigation, the Court determined that where class certification issues are "logically antecedent" to standing issues, class certification is properly

addressed before standing. See Ortiz v. Fibreboard Corp., 527 U.S. 815, 831 (1999); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 612 (1997).

Although the Supreme Court has not clarified the exact contours of the "logically antecedent" exception, several lower courts have weighed in on this matter. These lower courts' opinions reveal an emerging split of authority. On the one hand, language in some of these opinions suggests that class certification issues are always logically antecedent to standing issues. See, e.g., Salsitz v. Peltz, 210 F.R.D. 95, 97 (S.D.N.Y. 2002); accord Payton v. County of Kane, 308 F.3d 673, 680 (7th Cir. 2002) ("We have begun our analysis with the question of class certification, mindful of the Supreme Court's directive to consider issues of class certification prior to issues of standing."); In re Pharm. Indus. Average Wholesale Price Litig., 263 F. Supp. 2d 172, 193-94 (D. Mass. 2003) (deferring until after class certification the "invitation to determine whether a plaintiff who purchased one drug from a given company has standing to represent a class of others who purchased a different drug or drugs from the same company"). On the other hand, some lower courts have held that class certification is logically antecedent to standing only if the attempt to bring a class action is the source of the potential standing problems. See, e.g., In re Buspirone Patent Litig., 185 F. Supp. 2d 363,

4

377 (S.D.N.Y. 2002) ("[The] alleged problems of standing will not arise unless class certification is granted."); accord Rivera v. Wyeth-Ayerst Labs., 283 F.3d 315, 319 n.6 (5th Cir. 2002); In re Relafen Antitrust Litig., 221 F.R.D. 260, 268-69 and n.7 (D. Mass. 2004) (reserving judgment on whether class certification issues are always logically antecedent to standing issues but expressly adopting approach of courts said to have found class certification only sometimes logically antecedent to standing); Clark v. McDonald's Corp., 213 F.R.D. 198, 204 (D.N.J. 2003); cf. In re AllianceBernstein Mut. Fund Excessive Fee Litig., No. 04 Civ. 4885(SWK), 2005 WL 2677753, at *9 (S.D.N.Y. Oct. 19, 2005) (recognizing that class certification may be logically antecedent to standing, but finding that the complexity of the "straightforward securities case" at issue did not merit a finding that class certification was logically antecedent).

Not surprisingly, the parties to the present litigation have staked out opposing positions that approximate the previously described split of authority. In particular, the Named Plaintiffs point to "Supreme Court precedent holding that the court should not ordinarily consider a named plaintiff's standing to maintain claims on behalf of the class until after class certification." (Pls.' Opp'n 2.) Defendants, for their part, argue that the "logically antecedent" exception should be

confined to the unique circumstances of complex class action litigation and, in any event, should not apply where standing issues will continue to exist even if class certification is granted. (Defs.' Reply 3, 12.)

The Court finds that the better interpretation is to treat class certification as logically antecedent to standing where class certification is the source of the potential standing problems. See, e.g., In re Relafen, 221 F.R.D. at 269-70; Clark v. McDonald's Corp., 213 F.R.D. at 204. Moreover, the Court determines that this condition is met in the instant case, so deferral of Defendants' standing challenge is warranted.[2]

In particular, Defendants do not challenge the Named Plaintiffs' standing to bring claims against Defendants under the consumer protection laws of the states in which the Named Plaintiffs reside and purchased GTA. See In re Buspirone, 185 F. Supp. 2d at 377; accord In re Relafen, 221 F.R.D. at 269. As such, this is not a case where the Named Plaintiffs are attempting "to piggy-back on the injuries of the unnamed class members." Payton, 308 F.3d at 682. Rather, each of the Named Plaintiffs asserts a personal injury resulting from Defendants' allegedly wrongful marketing and sale of GTA under an

---

[2] The Court notes that deferral of Defendants' standing challenge would obviously be required if class certification were always logically antecedent to standing. Therefore, under either interpretation of the "logically antecedent" exception deferral is appropriate. See In re Relafen, 221 F.R.D. at 268 n.7.

inappropriate content rating. The relevant question, therefore, is not whether the Named Plaintiffs have standing to sue Defendants--they most certainly do--but whether their injuries are sufficiently similar to those of the purported Class to justify the prosecution of a nationwide class action. See In re Buspirone, 185 F. Supp. 2d at 377; accord In re Relafen, 221 F.R.D. at 269-70.[3] This question is, at least in the first instance, appropriately answered through the class certification process. In particular, that process will demand an analysis of whether the Named Plaintiffs' claims are sufficiently typical of the Class's claims. See Fed. R. Civ. P. 23(a)(3). In addition, the class certification process will require an inquiry into

---

[3] The injuries suffered by the Named Plaintiffs and other Class members will be defined in large measure by the state statutes under which these individuals assert claims. Therefore, whether such injuries are similar to one another will depend in the first instance on a choice of law analysis, which will identify the applicable state laws. Thereafter, the similarity of the Named Plaintiffs' and Class members' injuries will turn on an analysis of the applicable consumer protection laws of the states. Courts have in the past found sufficient similarities between the laws of the various states to justify the prosecution of nationwide class action suits asserting state law claims. See, e.g., Steinberg v. Nationwide Mut. Ins. Co., 224 F.R.D. 67, 80 (E.D.N.Y. 2004) (certifying nationwide class action brought under various state laws by single named plaintiff who suffered injury in only one state); Maywalt v. Parker & Parsley Petroleum Co., 147 F.R.D. 51, 58 (S.D.N.Y. 1993); In re Crazy Eddie Sec. Litig., 135 F.R.D. 39, 41 (E.D.N.Y. 1991). In any event, a detailed analysis of choice of law and the similarity of applicable laws would be premature at this point, and is better considered after these issues have been developed in conjunction with class certification. See In re Buspirone, 185 F. Supp. 2d at 377.

whether common questions of law and fact exist as between the Named Plaintiffs' and Class's claims. See Fed. R. Civ. P. 23(a)(2).

Therefore, the alleged standing problems in this case arise only because the Named Plaintiffs are attempting to bring claims on behalf of a nationwide class. As a result, class certification is logically antecedent to standing and the Court will defer consideration of standing until after the class certification issue has been resolved. See In re Buspirone, 185 F. Supp. 2d at 377; accord In re Relafen, 221 F.R.D. at 269-70.

### III. CONCLUSION

For the foregoing reasons the Court denies Defendants' motion to dismiss for lack of standing. If class certification is granted, the Court will have the benefit of a well-defined class and a more fully developed treatment of potential choice of law questions. As such, the Court will be in a better position to analyze the various laws that are actually at issue in the instant case and to determine whether the Class has standing to assert claims arising thereunder. Moreover, if class certification is not granted, standing will be decidedly easier to determine.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
October 25, 2006

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/06
```

9